United States District Court
Southern District of Texas
**ENTERED**
February 16, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAIME CISNEROS, TDCJ #02065815, | § § § § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-16-2825 |
| | § § | |
| LORIE DAVIS, | § § | |
| Respondent. | | |

## MEMORANDUM AND ORDER

Petitioner Jaime Cisneros (TDCJ No. 02065815) is a state inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Petitioner has filed a petition under 28 U.S.C. § 2254, seeking habeas corpus relief from unspecified past prison disciplinary convictions and for eligibility to earn good time credits in the "Diligent Participation Credits for State Jail Offenders" program. *See* Docket Entry No. 1 at 2; *id.*, Ex. A. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for reasons set forth below.

### I.   Background

Petitioner is presently serving a one-year sentence in Lychner State Jail pursuant to a conviction for unauthorized use of a motor vehicle. Docket Entry No. 1 at 2. Petitioner does not challenge his underlying conviction here, but seeks relief from the consequences of previous disciplinary convictions for fighting, which he received during a previous incarceration. *Id.* Petitioner alleges that he has been denied eligibility for "Diligent Participation Credits" and has been placed in administrative segregation for his entire sentence because of these disciplinary

convictions and his classification as a security risk ("SR") offender. *Id.* at 5.

Petitioner maintains that he should not be denied eligibility for the program and should not be placed in administrative segregation because the disciplinary convictions occurred over two years ago at another unit 300 miles away. *Id.* at 6. He alleges that he has been denied: (1) due process; (2) equal protection because he is Hispanic and suspected of being involved in a gang as a security risk offender; (3) the right to participate in educational, rehabilitative, and work programs for 20% good time credit; and (4) the right to be placed in the general population. Considering Petitioner's claims and the arguments he makes in his petition, the Court finds that he is not entitled to federal habeas corpus relief as a matter of law for reasons discussed below.

## II.    Discussion

Petitioner seeks habeas corpus relief in federal court from the consequences of unspecified and apparently unexhausted disciplinary convictions imposed against him in state prison. The federal writ of habeas corpus is an extraordinary remedy, which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, 'a bulwark against convictions that violate fundamental fairness'" (quotations omitted)). Thus, to prevail on his request for federal habeas corpus relief, Petitioner must establish a constitutional violation.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action

may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995).

Regarding Petitioner's claims that he was placed in administrative segregation and denied access to educational, rehabilitative, and work programs, it is well established that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate a protected liberty interest and do not raise due process concerns. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Likewise, keeping a prisoner's classification the same or reductions in a prisoner's class status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied,* 517 U.S. 1196 (1996).

Liberty interests emanate from either the Due Process Clause itself or from state law. *See Ky. Dept. of Corr. v. Thompson*, 490 U.S. 454, 459-460 (1989). Petitioner appears to claim, indirectly, that the sanctions imposed as the result of his past disciplinary convictions have adversely affected his eligibility for early release. The Due Process Clause does not include a right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Nevertheless, the Supreme Court has decided that state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487; *see also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release. *See Malchi*, 211 F.3d at 956 (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v.*

*Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). Texas inmates who are eligible for mandatory supervision have a protected liberty interest in the good-time credits that they have earned. *See Malchi*, 211 F.3d at 956. Therefore, when sanctions are imposed for disciplinary violations, Texas prison officials cannot forfeit good-time credits without due process from inmates who are eligible for mandatory supervision. *See id.*

Petitioner concedes in his petition that he is not eligible for mandatory supervision. *See* Docket Entry No. 1 at 5. Further, according to the express terms of the "Diligent Participation Credits for State Jail Offenders" program as explained in the Offender Orientation Handbook provided by Petitioner, Petitioner is not eligible for diligent participation credit. *See* Docket Entry No. 1, Ex. A ("[O]ffenders assigned to . . . solitary confinement or [security risk] custody are ineligible for diligent participation credit"). Further, "[a] time credit under this law is a privilege, not a right." *Id.*

Even if Petitioner were eligible for mandatory supervision or the diligent participation good time credits were a right under state law, Petitioner does not allege that he has lost good time already earned; he complains that he does not have the opportunity to earn future good time based on his previous disciplinary convictions and classification as a security threat. Although his ability to earn good-time credits has been curtailed by the determination that he is ineligible based on his security threat status, Petitioner's diminished ability to earn good-time credits, without more, does not rise to a deprivation of due process. *Luken,* 71 F.3d at 193 ("the mere opportunity to earn good-time credits" does not rise to a "constitutionally cognizable liberty interest sufficient to trigger the protection of the due process clause"). The possibility that an inmate's good-time earning status will affect the timing of his release is considered a speculative,

collateral consequence of the prison disciplinary decision that does not create a constitutionally protected liberty interest. *Id.* Similarly, regarding Petitioner's contention that being placed in administrative segregation violated equal protection because he is Hispanic, Petitioner does not allege that he was treated differently than other non-Hispanic inmates who admittedly have previous disciplinary convictions for fighting and are in administrative segregation. *See Martin v. Scott*, 156 F.3d 578, (5th Cir. 1998) (holding that prisoner's claim that his administrative segregation violated equal protection was frivolous where he did not claim that he was being treated differently than others in the same level of administrative segregation).

Because the sanctions at issue do not implicate a protected liberty interest, Petitioner is not entitled to habeas corpus relief under either the Due Process Clause or Equal Protection Clause, and, concomitantly, he fails to establish the requisite constitutional violation as a matter of law. Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Hilliard v. Bd. of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). Thus, Petitioner is not entitled to relief and his petition must be dismissed.

**III. Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling

standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether Petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

IV. **CONCLUSION AND ORDER**

Based on the foregoing, the court **ORDERS** as follows:

1. The habeas corpus petition is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 16th day of February, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE